# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

---

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

October 6, 2017

**BY ECF and Email**

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

> Re:  *United States v. Kevin Johnson*
>      **15 Cr. 565 (VEC)**

Dear Judge Caproni:

We are in receipt of the letter, sent today by Florence Hutner, General Counsel for the New York City Office of Chief Medical Examiner (OCME) regarding the protective order issued in Mr. Johnson's case that currently restricts access to and use of the source code for the Forensic Statistical Tool (FST). The OCME's position, that the protective order should be lifted, is correct. We urge the Court to vacate the protective order issued in this case, and unseal any redacted documents to the extent the redactions are mandated by the protective order.

As the OCME notes, since first being disclosed in this case, the FST source code has been turned over in other cases.[1] FST evidence continues to be used in both state and federal cases—including cases in the Southern District of New York.[2] The OCME's use of FST while the protective order stands has created problems of constitutional magnitude. For example, counsel who signed the Non-Disclosure Agreement cannot fully advise or counsel other clients who are the subject of FST reports. At minimum, the protective order imposes inefficiencies. For example, despite having the requisite knowledge, counsel cannot fully investigate the nature of FST results, or even question an OCME examiner about the effect of the problems identified in the source code in other cases.

The OCME's determination that it is now time to publicly defend FST curiously suggests that its

---

[1] *See* OCME Letter at p.1.

[2] In the most recent FST cases in this district, the likelihood ratios being reported are strikingly low. *See United States v. James Shavers*, 17 Cr. 160 (ALC)(reporting a likelihood ratio of 14.2); *United States v. Lorenzo Moore*, 17 Mag. 5474 (UA)(reporting a likelihood ratio of approximately 36).

Hon. Judge Valerie E. Caproni  
United States District Court  
Southern District of New York

*U.S. v. Johnson*  
**15 Cr. 565 (VEC)**

October 6, 2017  
Page 2

own efforts to advocate for the validity of the program previously were somehow hampered. They were not. To the contrary, the OCME had every opportunity to justify why FST drops relevant data and skews likelihood ratios in favor of the government, but the vacuous explanation it offered here was simply false. And so we object to the lab's attempt to rewrite history. Its hands were never tied. The lab has in fact wielded the protective order for its own purposes, allowing only prosecutors to make direct and public reference to the source code without redaction.[3] It is time now for a full and public response.

Given the OCME's welcome disavowal of any interest in further secrecy in the FST source code, and the array of problems associated with continuation of the protective order, we respectfully request that Your Honor vacate the protective order issued in this case, and unseal any documents to the extent that the redactions are governed by the protective order.

Thank you for considering this request.

Respectfully Submitted,

Christopher Flood

Sylvie Levine  
Counsel for Mr. Kevin Johnson

cc: Sebastian Swett  
Assistant United States Attorney (by ECF)

Florence Hutner  
General Counsel  
New York City  
Office of Chief Medical Examiner (by Email)

Media Freedom and Information Access Clinic  
By:  
David A. Shulz (by Email)

Hannah Bloch-Wehba (by Email)

---

[3] *See People v. Johnnie Jackson, Ind. Nos. 1644/2016, 727/2017.*