

**Office of Chief Medical Examiner**

Florence Hutner, General Counsel
421 E. 26th Street, New York, NY 10016
Telephone: 212.323.1901    Fax: 646.500.5583
Email: fhutner@ocme.nyc.gov
Official Website: www.nyc.gov/ocme

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/10/2017
```

October 6, 2017

The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007
CaproniNYSDChambers@nysd.courts.us

    Re:    United States v. Kevin Johnson, 15 Cr. 565 (VEC)

Dear Judge Caproni:

I am writing with regard to the motion by ProPublica for leave to intervene in this matter and to lift the protective order currently restricting access to and use of the source code for the DNA analysis program known as the Forensic Statistical Tool (FST), which was created and is used by the New York City Office of Chief Medical Examiner (OCME). OCME takes no position with regard to the motion to intervene; however, after long and careful consideration, OCME has decided not to object to this Court's lifting the protective order at issue. This letter clarifies for the Court the changes in circumstances that have persuaded OCME to reach this conclusion.

Over a year ago, when OCME negotiated the terms of the protective order in this case with counsel for defendant, Federal Defenders of New York, Inc., OCME had not previously given out the FST source code. Since that time, the code was provided in this matter, subject to the negotiated protective order, and defendant's expert witness wrote a report describing his concerns about the code. With the exception of very limited portions that were redacted pursuant to the protective order, that report has now been widely distributed and frequently cited, including by numerous defendants in federal and state criminal matters, and in the popular press. *See, e.g., People v. Johnny Jackson*, Ind. 1644/2016, 727/2017 (N.Y. Sup. Ct. NY Cty); *People v. Rawle Washington*, Ind. 8183-2015 (N.Y. Sup. Ct., Kings Cty); Kirchner, L., "Traces of Crime: How New York's DNA Techniques Became Tainted", *The New York Times* (Sept. 4, 2017), available at https://www.propublica.org/article/propublica-seeks-source-code-for-new-york-city-disputed-dna-software#134831.

OCME believes firmly that Mr. Adams' report in this matter is erroneous in material respects, and that the redaction of his report for broader distribution has exacerbated the substantial misunderstanding of fundamental aspects of the FST source code that is reflected in multiple published criticisms of that code. It has become clear that it is now time for the OCME to be able

to point publicly to specific aspects of the code as necessary to further clarify the validity not only of the FST itself but also of the computer code that implements the program.

An additional relevant new circumstance is OCME's recent discontinuance of its use of FST in the vast majority of its cases.[1] Effective January 1, 2017, the Federal Bureau of Investigation (FBI) imposed more stringent standards on DNA analysis, including requiring that a larger number of loci be generated in order for DNA testing results to be eligible for uploading to the Combined DNA Index System (CODIS) that includes the National DNA Index managed by the FBI as well as State-level and local DNA databases. OCME's pre-2017 DNA analysis tools, including FST, cannot meet that new mandatory federal standard. Accordingly, as of January 1, 2017, the agency implemented the use of new, more advanced tools for DNA analysis. This implementation included the replacement of FST, a semi-continuous probabilistic genotyping tool, with a cutting-edge, commercially available product, STRMix, which is a more advanced, fully continuous probabilistic genotyping tool that actually exceeds the currently applicable FBI standards.

I want to be very clear that OCME continues to stand behind the science that the FST source code operationalized, and that we will continue to defend FST: the replacement of FST with STRMix was occasioned by significant advances in DNA science and new federal standards for CODIS eligibility, not by any lack of confidence in FST. Nonetheless, given the changes in circumstances in the last fourteen months, we believe that this agency, the criminal justice system, and the public are better served by OCME's withdrawing its previous objection to the unrestricted disclosure of the FST source code.

Respectfully,

Florence Hutner
General Counsel
NYC Office of Chief Medical Examiner


c: (via email)

Sebastian Swett
Assistant United States Attorney
Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007

---

[1] Going forward, OCME will use FST only in the relatively infrequent circumstances in which a known sample is submitted in connection with an evidence sample that OCME tested before 2017 using the DNA analysis tools used with FST; only in those cases will OCME use FST to generate a Likelihood Ratio where necessary.

Christopher Flood
Sylvie Levine
Federal Defenders of New York, Inc.
52 Duane Street, 10th floor
New York, NY 10007

Media Freedom and Information Access Clinic
By:
David A. Schulz
321 E. 44th Street, Suite 1000
New York, NY 10036

Hannah Bloch-Wehba
P.O. Box 208215
New Haven, CT 06520